IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| **DANIEL SCOTT** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| | ) | 3:24-cv-00203-MGL-SVH |
| **v.** | ) | |
| | ) | |
| **STERLITE TECHNOLOGIES, INC.** | ) | **COMPLAINT** |
| | ) | |
| **Defendant.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| | ) | |
| | ) | |

## COMPLAINT

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Plaintiff Daniel Scott ("Plaintiff"), who was adversely affected by such practices. As alleged with greater particularity below, Defendant Sterlite Technologies, Inc. (hereinafter "Defendant" or "Sterlite") discharged Plaintiff because of his disability as being a leg amputee.

## JURISDICTION AND VENUE

1.  More than thirty days prior to the institution of this lawsuit, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging violations of Title I of the ADA by Defendant Sterlite. All conditions precedent to the institution of this lawsuit have been fulfilled.

2.  On November 21, 2023, EEOC issued a Determination and Notice of Right to Sue Letter to Plaintiff.

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1337, 1343, and 1367. This action is instituted pursuant Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a. This action is also brought pursuant to S.C. Code of Laws § 1-13-80.

4. Pursuant to 28 U.S.C. § 1391(b), this Court is the proper venue because a substantial part of the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of South Carolina, Columbia Division.

## PARTIES

5. Plaintiff is an individual who at all relevant times has lived in the State of South Carolina, Kershaw County.

6. At all relevant times, Defendant Sterlite has continuously been a South Carolina corporation doing business in the State of South Carolina, including, but not limited to, Lugoff, Kershaw County, South Carolina and has continuously had at least 15 employees.

7. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

8. At all relevant times, Sterlite has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

9. Plaintiff was a temporary worker employed by Staffmark—a staffing

agency— and received a text message on or around July 10, 2022, indicating that he had been placed with Defendant Sterlite Technologies.

10. Plaintiff was assigned to work at Defendant Sterlite's newly opened facility in Lugoff, South Carolina, and began work at this facility on July 11, 2022.

11. Plaintiff worked at Sterlite's facility on July 11 and July 12 2022.

12. Plaintiff was an employee of Defendant Sterlite pursuant to the joint employer doctrine under Title VII. *See Butler v. Drive Auto. Indus. of Am., Inc*. 793 F.3d 404 (4th Cir. 2015).

13. Sterlite exercised the day-to-day supervision of Plaintiff.

14. Plaintiff's work assignment at Sterlite's facility included, but not limited to, working with fiber optic cables at a station that involved little to no walking.

15. Around 11:00 a.m. on July 12, 2022, Plaintiff missed a phone call on his cell phone, which he later learned was from Staffmark—the temporary staffing agency which placed him with Defendant Sterlite.

16. While on his next break, Plaintiff returned the missed phone call from Staffmark and spoke with a female employee who instructed Plaintiff to clock out and leave Defendant's Sterlite's facility because Sterlite no longer believed that he would be a good fit.

17. Neither Staffmark nor Sterlite Technologies provided any further explanation for having Plaintiff leave on July 12, 2022.

18. Staffmark, at the request of its client—Sterlite Technologies—removed Plaintiff from his work assignment at Sterlite's facility.

19. Sterlite requested that Plaintiff be removed from his assignment based on his disability as a leg amputee.

**FIRST CAUSE FOR ACTION**
**(Unlawful Termination in Violation of Title I of the ADA, Title I of the Civil Rights Act of 1991, and VII of the Civil Rights Act of 1964—Based on Disability)**

20. Plaintiff incorporates each and every allegation above as set forth verbatim.

21. Since at least July 2022, Defendant Sterlite has engaged in unlawful employment practices in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. 12112(a). These unlawful employment practices include, but are not limited to, discharging Plaintiff because of his disability.

22. Plaintiff has a physical impairment as a leg amputee, which substantially limits the major life activity of walking and constitutes a disability as defined by the ADA, 42 U.S.C. § 12102(1)(A).

23. Sterlite regarded Plaintiff as having a disability as defined by the ADA, 42 U.S.C. § 12012(1)(C), 3(A), in that they fired him because of his physical impairment.

24. Plaintiff is a qualified individual with a disability and could perform all of the essential functions of his position with Sterlite.

25. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his state as an employee because of his disability.

26. The unlawful employment practices complained of above were intentional.

27. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally and state protected rights to Plaintiff.

**SECOND CAUSE FOR ACTION**
**(Violation of S.C. Code of Laws § 1-13-80—Discrimination Based on Disability)**

28. Plaintiff incorporates each and every allegation above as if set forth herein verbatim.

29.     Since at least July 2022, Defendant Sterlite has engaged in unlawful employment practices in violation of S.C. Code of Laws § 1-13-80.  These unlawful employment practices include, but are not limited to, discharging Plaintiff because of his disability.

30.     Plaintiff has a physical impairment as a leg amputee, which substantially limits the major life activity of walking and constitutes a disability as defined under S.C. Code of Laws § 1-13-30(N).  Defendant Sterlite regarded Plaintiff as having a disability under the same.

31.     Plaintiff is a qualified individual with a disability and could perform all of the essential functions of his position with Sterlite.

32.     The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his state as an employee because of his disability.

33.     The unlawful employment practices complained of above were intentional.

34.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally and state protected rights to Plaintiff.

PRAYER FOR RELIEF

Wherefore, the Plaintiff respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Sterlite, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practices which discriminate on the basis of disability.

B.     Order Sterlite to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which

eradicate the effects of its past and present unlawful employment practices.

  C. Order Defendant Sterlite to make Plaintiff whole by providing appropriate backpay, lost benefits, and prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, reinstatement or front pay.

  D. Order Sterlite to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in an amount to be determined at trial.

  E. Order Sterlite to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including, but not limited to, emotional pain, suffering, inconvenience, and humiliation, in an amount to be determined at trial.

  F. Order Sterlite to pay Plaintiff punitive damages for its malicious and reckless conduct, as described above, in an amount to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award Plaintiff Attorney fees and costs of this action.

<u>JURY TRIAL DEMANDED</u>

Plaintiff requests a jury trial on all questions of fact raised in this complaint.

[Signature Block on Next Page]

        Respectfully submitted,

        **Cannon Law Group, P.C.**

        **s/ Arien P. Cannon**_____
        Arien P. Cannon,
        512 Rutledge Street
        Post Office Box 532
        Camden, South Carolina 29021
        Federal ID 13768
        Phone: (803) 432-4402
        Fax: (803) 4342-3048
        Email: ACannon@dncannonlaw.com
        *Attorney for the Plaintiff*

Date: January 12, 2024
Camden, SC